IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SABINO NUNEZ GUDINO,

       Plaintiff,                        CV F 05 0954 LJO WMW P

    vs.                                ORDER DISMISSING COMPLAINT
                                        WITH LEAVE TO AMEND

B. C. ADAMS, et al.,

       Defendants.

       Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and the Americans with Disabilities Act (ADA), 42 U.S.C. § 12132.   This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

       This action proceeds on the complaint.  Plaintiff, an inmate in the custody of the California Department of Corrections at the California Substance Abuse Treatment Facility at Corcoran, brings this civil rights action against numerous correctional officials employed by the Department of Corrections and Rehabilitation.

       Plaintiff's claim in this complaint is that defendants have improperly changes his classification.  Plaintiff alleges that as a result of an injury in 1982 resulting in severe head trauma, he was classified as mentally disabled and placed in a developmentally disabled program when he arrived at prison in 1986.  In November of 2000, a Unit Classification Committee referred Plaintiff or "alternative level II housing."  Plaintiff alleges that the recommendations

were disregarded, and he is not in any treatment program.

As to Plaintiff's claim under 42 U.S.C. § 1983, The Eighth Amendment provides that "cruel and unusual punishment [shall not be] inflicted." "An Eighth Amendment claim that a prison official has deprived inmates of humane conditions of confinement must meet two requirements, one objective and the other subjective." Allen v. Sakai, 48 F.3d 1082, 1087 (9th Cir.) cert. denied, 514 U.S. 1065, (1995).

The objective requirement is met if the prison official's acts or omissions deprived a prisoner of "the minimal civilized measure of life's necessities.'" Id. (quoting Farmer v. Brennan, 511 U.S. 825, 834 (1994)).  To satisfy the subjective prong, a plaintiff must show more than mere inadvertence or negligence.  Neither negligence nor gross negligence will constitute deliberate indifference.  Farmer, 511 U.S. at 833, & n. 4; Estelle v. Gamble, 429 U.S. 97, 106 (1976).  The Farmer court concluded that "subjective recklessness as used in the criminal law is a familiar and workable standard that is consistent with the Cruel and Unusual Punishments Clause" and adopted this as the test for deliberate indifference under the Eighth Amendment.  Farmer, 511 U.S. at 839-40.

Here, Plaintiff's allegations indicate that he was at one point classified as mentally disabled, but is not now so classified.  Plaintiff alleges that the recommendations of the Unit Classification Committee were not followed.  Plaintiff names numerous individuals as defendants.  The only conduct charged to these individuals is their participation in the inmate appeals process - they have denied Plaintiff's inmate grievances.

In order to state a claim under the Eighth Amendment, Plaintiff must allege facts indicating that each individual defendant knew of and disregarded a serious risk to Plaintiff's health or safety, resulting in injury to Plaintiff.  Plaintiff has failed to allege such facts. Plaintiff's core allegation is that his classification has changed.  Plaintiff has not alleged specific facts indicating specific individuals knew of a particular harm to Plaintiff and disregarded that

1    harm.

2         As to Plaintiff's ADA claim, Title II of the Americans with Disabilities Act

3    (ADA) and § 504 of the Rehabilitation Act (RA) "both prohibit discrimination on the basis of

4    disability." Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002).  Title II of the ADA

5    provides that "no qualified individual with a disability shall, by reason of such disability, be

6    excluded from participation in or be denied the benefits of the services, programs, or activities of

7    a public entity, or be subject to discrimination by such entity." 42 U.S.C. § 12132.  Section 504

8    of the RA provides that "no otherwise qualified individual with a disability . . . shall, solely by

9    reason of her or his disability, be excluded from the participation in, be denied the benefits of, or

10   be subjected to discrimination under any program or activity receiving Federal financial

11   assistance . . . ." 29 U. S. C. § 794.  Title II of the ADA and the RA apply to inmates within state

12   prisons.  Pennsylvania Dept. of Corrections v. Yeskey, 118 S.Ct. 1952, 1955 (1998); see also

13   Armstrong v. Wilson, 124 F.3d 1019, 1023 (9th Cir. 1997); Duffy v. Riveland, 98 F.3d 447, 453-

14   56 (9th Cir. 1996).

15        "To establish a violation of Title II of the ADA, a plaintiff must show that (1) [he] is a

16   qualified individual with a disability; (2) [he] was excluded from participation in or otherwise

17   discriminated against with regard to a public entity's services, programs, or activities; and (3)

18   such exclusion or discrimination was by reason of [his] disability." Lovell, 303 F.3d at 1052.

19   "To establish a violation of § 504 of the RA, a plaintiff must show that (1) [he] is handicapped

20   within the meaning of the RA; (2) [he] is otherwise qualified for the benefit or services sought;

21   (3) [he] was denied the benefit or services solely by reason of [his] handicap; and (4) the

22   program providing the benefit or services receives federal financial assistance." Id.

23        Plaintiff has failed to allege facts that would entitle him to relief under the ADA.

24   A simple allegation that Plaintiff has been reclassified does not satisfy the above standard.

25        The court finds the allegations in plaintiff's complaint vague and conclusory.

26

                                          3

1   The court has determined that the complaint does not contain a short and plain statement as

2   required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy,

3   a complaint must give fair notice and state the elements of the claim plainly and succinctly.

4   Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege

5   with at least some degree of particularity overt acts which defendants engaged in that support

6   plaintiff's claim.  Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ.

7   P. 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file an

8   amended complaint.

9          If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

10  conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See

11  Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms

12  how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless

13  there is some affirmative link or connection between a defendant's actions and the claimed

14  deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.

15  1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

16         In addition, plaintiff is informed that the court cannot refer to a prior pleading in

17  order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an

18  amended complaint be complete in itself without reference to any prior pleading.  This is

19  because, as a  general rule, an amended complaint supersedes the original complaint.  See Loux

20  v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

21  pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

22  original complaint, each claim and the involvement of each defendant must be sufficiently

23  alleged.

24         In accordance with the above, IT IS HEREBY ORDERED that:

25         1.  Plaintiff's complaint is dismissed; and

26

4

1          2.  Plaintiff is granted thirty days from the date of service of this order to file a

2   first amended complaint that complies with the requirements of the Civil Rights Act, the Federal

3   Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the

4   docket number assigned this case and must be labeled "First Amended Complaint."  Failure to

5   file an amended complaint in accordance with this order will result in a recommendation that this

6   action be dismissed.

7

8   IT IS SO ORDERED.

9   **Dated:    March 8, 2007**                    **/s/  William M. Wunderlich**
    mmkd34                                  UNITED STATES MAGISTRATE JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26