# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SABINO NUNEZ GUDINO, | CASE NO. 1:05-cv-00954-LJO-YNP PC |
| Plaintiff, | ORDER RE MOTIONS |
| v. | (Doc. 15, 16) |
| B. C. ADAMS, et al., | |
| Defendants. | |

Plaintiff Sabino Nunez Gudino ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On March 23, 2009, Plaintiff filed a motion "to Respond Update on Case File, and Press Evidence on Claim for Relief." (Doc. #15.) It is not clear what Plaintiff is requesting in his motion. Plaintiff requests that the Court "order a respond[e]nts on my court case that is still pending . . . as I am forwarding some evidence cop[ies] of my case and for the courts to place it as exhibits." (Mot. to Respond Update on Case File and Press Evidence on Claim for Relief 1.) The Court construes this part of Plaintiff's motion as a request for the Court to serve Defendants with Plaintiff's complaint and order Defendants to respond by filing an answer. Plaintiff is advised that his complaint was screened by the Court and dismissed on January 25, 2010, with leave to file an amended complaint. (Doc. #18.) Service of Plaintiff's complaint is not appropriate at this time. If Plaintiff chooses to file an amended complaint, the Court will screen it again. If Plaintiff's amended complaint states cognizable claims, only then will the Court order U.S. Marshals to serve Defendants and order Defendants to answer Plaintiff's complaint.

///

Plaintiff also requests that the Court issue an order placing Plaintiff "back on the D.D.P. mental health care so [Plaintiff can] get [his] ther[apy] and rehabilitation." (Mot. to Respond Update 2.) The Court construes this portion of Plaintiff's motion as a motion for preliminary injunctive relief. The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, Inc., 129 S. Ct. 365, 374 (2008).

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (quotations and citations omitted) (emphasis in original). A party seeking a preliminary injunction simply cannot prevail when that motion is unsupported by evidence. With respect to motions for preliminary injunctive relief or a temporary restraining order, the Prison Litigation Reform Act ("PLRA") provides that:

> [i]n any civil action with respect to prison conditions, to the extent otherwise authorized by law, the court may enter a temporary restraining order or an order for preliminary injunctive relief. Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm.

18 U.S.C. § 3626(a)(2).

Plaintiff is advised that seeking preliminary injunctive relief, in this case, asking the Court to intervene with respect to Plaintiff's medical needs, is an extraordinary remedy and that Plaintiff must present evidence that clearly shows that Plaintiff is entitled to preliminary injunctive relief. Plaintiff must demonstrate that he is likely to succeed on the merits of his case, that he will suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest. Plaintiff has not met any of these factors. Nor has Plaintiff demonstrated that the relief he seeks is narrowly drawn, extends no further than necessary

to correct the harm, and is the least intrusive means to correct the harm. Plaintiff has not explained what "D.D.P. mental health care" is or why Plaintiff needs it. As such, Plaintiff's request will be denied.

On June 8, 2009, Plaintiff filed a motion "to respond for a Court Update Review and Hearings." The relief requested in this motion is also unclear. The Court construes Plaintiff's request as a request for an update on the current status of this action. Plaintiff is advised that the Court screened Plaintiff's first amended complaint on January 25, 2010. (Doc. #18.) Plaintiff's complaint was dismissed because the Court found that it failed to state any cognizable claims. Plaintiff was given leave to file an amended complaint. Thus, there is no complaint pending before the Court and Plaintiff may file an amended complaint that fixes the deficiencies identified by the Court in its January 25, 2010 screening order. The failure to file an amended complaint or the failure to meaningfully address the deficiencies identified by the Court may result in this action being dismissed for failure to state a claim.

Accordingly, it is HEREBY ORDERED THAT:

1. Plaintiff's motion "to Respond Update on Case File, and Press Evidence on Claim for Relief" filed on March 23, 2009, is DENIED; and
2. Plaintiff's motion for an update on the current status of this case is GRANTED. Plaintiff has been advised of the current status of this case.

IT IS SO ORDERED.

**Dated:   February 8, 2010**              /s/ Lawrence J. O'Neill
                                           UNITED STATES DISTRICT JUDGE

3